Mr. Norman R. Hatcher, Jr. Fire Chief Golden Gate Fire Control 
Rescue District 4741 Golden Gate Parkway Naples, Florida 33999
Dear Chief Hatcher:
You have asked substantially the following questions:
 1. May the Golden Gate Fire Control and Rescue District use impact fees, authorized pursuant to Ch. 88-512, Laws of Florida, to purchase new equipment or replace existing equipment which will be used to serve new as well as existing buildings in the district?
 2. May the county collect impact fees for the district, deduct administrative costs from the collected fees and retain any interest received from the retention of the fees?
 3. Must equipment purchased with the impact fees have a minimum life expectancy?
 4. May the district use the impact fees to lease/purchase equipment?
In sum, I am of the following opinion:
 1. The expenditure of impact fees by the fire district is limited to the acquisition, purchase or construction of new facilities and equipment, or portions thereof, required to provide fire protection and related emergency services to new construction. Specifically, the district is prohibited from using collected fees to acquire, purchase, or construct facilities or equipment which would otherwise be obtained to meet the needs of the district.
 2. Chapter 88-512, Laws of Florida, provides that the impact fees shall be paid to the district, collected by the district and kept separate from other district revenues, with no provision for such fees to be collected by the county on behalf of the district.
 3. The expenditure of impact fees is limited to buildings and capital equipment which by definition have a long-term life expectancy.
 4. In light of the district's ability to lease or otherwise acquire property intended for use by the district, it appears the district could enter into a lease/purchase for new facilities and capital equipment, subject to the restriction of keeping impact fee funds separate from other district revenues.
 The Golden Gate Fire Control and Rescue District (district) was created by Ch. 82-284, Laws of Florida. The charter for the district was established by Ch. 87-498, Laws of Florida, making the district responsible for maintaining a fire department and rescue service.[1] Chapter 88-512, Laws of Florida, authorizes the district to collect impact fees from developers of new construction to be used for the "acquisition, purchase, or construction of new facilities and equipment. . . ."[2]
 It is a general rule relating to special districts that they possess only such powers and authority as have been expressly granted or necessarily implied therefrom in order to carry out an expressly granted power.[3] As statutory entities, therefore, special districts such as the Golden Gate Fire Control and Rescue District possess no inherent power to act beyond those powers which their enabling legislation expressly or by necessary implication bestows upon them.
Question One
Section 1(5)(e), Art. V, Ch. 88-512, Laws of Florida, provides that
 [i]mpact fees for capital improvement collected by the district pursuant to this section shall be kept and maintained as a separate fund from other revenues of the district and shall be used exclusively for the acquisition, purchase, or construction of new facilities and equipment, or portions thereof required to provide fire protection and related emergency services to new construction. (e.s.)
The plain language of the statute shows that the Legislature has limited the expenditure of impact fees to new facilities and equipment, or portions thereof, required to provide fire protection and related emergency services to new construction. This statutory limitation on the use of the impact fees would preclude the district from using such funds to purchase or otherwise procure any portion of new facilities and equipment which would be used for existing construction.
Furthermore, s. 1(5)(f), Art. V, Ch. 88-512, Laws of Florida, provides that "[t]he impact fees for capital improvement collected hereunder shall not be used for the acquisition, purchase, or construction of facilities or equipment which must be obtained in any event to meet the needs of the district, regardless of growth within the district." It is also the responsibility of the board of fire commissioners to maintain adequate records to ensure that the impact fees are expended only for permissible new facilities or equipment.[4]
It is my opinion, therefore, that impact fees authorized by Ch. 88-512, Laws of Florida, may only be used for that portion of the cost of new facilities and equipment which can be attributed to fire protection and related emergency services for new construction.
Question Two
As cited above, s. 1(5)(e), Art. V, Ch. 88-512, Laws of Florida, reflects that impact fees, authorized pursuant thereto, are collected by the district and are to be kept and maintained as a separate fund from other revenues of the district. Moreover, the board of fire commissioners is required to maintain adequate records to ensure that the impact fees collected are expended only for permissible new facilities or equipment. In s. 1(2), Art. V, Ch. 87-498, Laws of Florida, the district board is allowed to "fix and cause to be levied on all property of said district real and personal a millage sufficient to meet the requirements of the estimate; provided, however, the total millage shall not exceed 1 mill." Section 1(2)(b), Art. V, Ch. 87-498, Laws of Florida, states:
 Taxes herein provided for shall be assessed and collected in the same manner as provided for the assessment and collection of county taxes and subject to the same commission and fees for assessing and collecting as for the assessment and collection of county taxes. (e.s.)
There is no analogous legislative directive relating to the collection of impact fees in the same manner as provided for the collection of county taxes. In the absence of legislative authority providing for the collection of impact fees by the county, it is my opinion that the district must collect the fees.
Question Three
Section 1(5)(e), Art. V, Ch. 88-512, Laws of Florida, provides that impact fees shall be used for the acquisition, purchase, or construction of new facilities and equipment. "New facilities and equipment" is defined as "buildings and capital equipment including, but not limited to, such fire and emergency vehicles and communications equipment as may, from time to time be deemed necessary, by the district to provide fire protection and related emergency services to areas of new construction."
While there is no specified minimum life expectancy for facilities and equipment acquired with impact fees, such expenditures are limited to buildings and "capital" equipment. "Capital equipment" is not defined in Ch. 88-512, Laws of Florida. The term "capital," in the context of an expenditure, however, is defined as:
 Expenditure for long term betterments or additions. Expenditure in nature of an investment for the future chargeable to capital asset account. An expenditure which should be added to the basis of the property improved.[5]
By comparison, current expenses are those "[o]rdinary, regular, recurring, and continuing expenditures for the maintenance of property, the carrying on of a business, an office, municipal government, etc."[6]
It is my opinion, therefore, that the expenditure of impact fees is limited to buildings and capital equipment, which by definition have a long-term life expectancy.
Question Four
Section 3(1), Art. IV, Ch. 87-498, Laws of Florida, in pertinent part, authorizes the district board to "purchase, lease, sell, exchange, or otherwise acquire and dispose of property intended for use by the district. . . ." It would appear, therefore, that the district may enter into a lease with the option to purchase agreement in securing property for the district. In entering such an agreement, however, the district should avoid creating a security interest in the property for the lessor secured by the taxing power of the district.[7]
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] See, s. 3(1), Art. IV, Ch. 87-498, Laws of Florida.
[2] Section 1(5)(e), Art. V, Ch. 88-512, Laws of Florida.
[3] See, Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage District, 82 So. 346 (Fla. 1919).
[4] Section 1(5)(g), Art. V, Ch. 88-512, Laws of Florida.
[5] Black's Law Dictionary 189 (5th ed. 1979). See also, Webster's Third New International Dictionary 332 (1981), defining "capital expenditure" as "an expenditure for long-term additions or betterments properly chargeable to a capital assets account."
[6] Black's Law Dictionary 345 (5th ed. 1979).
[7] See, AGO 80-9, in which this office concluded that absent voter approval required by s. 12(a), Art. VII, State Const., a municipality could not enter into a financing agreement granting a security interest in the property, with an accompanying right of foreclosure or other remedy at law or in equity to enforce the performance of the city's obligation, or holding the city liable for deficiencies should the city default and the property is sold.